UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>OCNNN PARTNERS, LLP dba Golden Paradise, *et al.*,<br><br>　　　　　　Defendants.<br>_____ | Civil No. 08cv2155-L(JMA)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　Plaintiff Axis Surplus Insurance Company filed a complaint alleging federal subject matter jurisdiction under 28 U.S.C. § 1332. Because the complaint fails to allege the facts necessary to determine whether the parties are diverse, the action is dismissed for lack of subject matter jurisdiction.

　　The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy

/ / / / /

itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

Plaintiff alleges it is a corporation incorporated under the laws of Illinois with its principal place of business in Georgia, that Defendant OCNNN Properties, LLC ("OCNNN") is a corporation incorporated under the laws of California with its principal place of business in California, that Defendant Highlander Senior Residence, LLC ("Highlander") is a corporation incorporated under the laws of California with its principal place of business in California, that Defendant Martha Alvarez, deceased, was a California resident, and that Defendant and Ms. Alvarez's legal representative Eric Matos is a California resident. (Compl. at 1-2.)

It is unclear from the allegations whether OCNNN and Highlander are corporations or limited liability companies. Their respective designations as "LLC" indicates that they are limited liability companies. The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Plaintiff does not allege the citizenship of each of OCNNN's and Highlander's respective members.

Plaintiff alleges Ms. Alvarez's and Mr. Matos's respective residencies. However, for diversity purposes, a person is a citizen of a state in which he or she is domiciled. *Kanter*, 265 F.3d at 857. Plaintiff does not allege where Ms. Alvarez was or where Mr. Matos is domiciled. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Id*. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*. Accordingly, Plaintiff fails to adequately allege the citizenship of Ms. Alvarez and Mr. Matos for purposes of diversity jurisdiction. *See id.*

/ / / / /

1  Because the complaint does not allege the facts necessary to establish diversity as
2  required by 28 U.S.C. § 1332,  this action is **DISMISSED** for lack of subject matter jurisdiction.
3  If Plaintiff can correct this pleading defect, it may file an amended complaint.  *See* 28 U.S.C.
4  § 1653.  Any such amended complaint shall be filed no later than **December 12, 2008**.
5  **IT IS SO ORDERED**.

7  DATED:  December 4, 2008

8  _____
   M. James Lorenz
9  United States District Court Judge

10 COPY TO:

11 HON. JAN M. ADLER
   UNITED STATES MAGISTRATE JUDGE
12
   ALL PARTIES/COUNSEL